## WANNEKER *v.* HITCHCOCK.

*(Circuit Court, N. D. Illinois.* April 8, 1889.)

RECEIVERS—APPOINTMENT—DISSENSIONS AMONG TRUSTEES.

A testator devised certain shares of stock to his two executors, H. and W., in trust to be sold and the proceeds held for the benefit of his wife and children. W. was not allowed to qualify as executor because he was a non-resident, and H. qualified as sole executor, and applied to the probate court and obtained an order to sell the stock, on the ground that it was in danger of becoming depreciated. W. filed this bill, alleging that H had excluded him from participating in the trust; that the annual meeting of the corporation is soon to be held; and that by reason of dissensions between complainant and defendant as to said stock its vote cannot be cast so as to properly manage the affairs of the corporation; and praying for a receiver to take possession of the stock, vote upon it at the coming annual meeting, and sell it under the direction of this court after due construction of the will. *Held,* that the relief would not be granted. The probate court can fully protect the interests of all parties concerned.

In Equity. Bill for appointment of receiver.
*E. F. Gorton, W. S. Young,* and *R. H. Curtis,* for complainant.
*D. J. & H. D. Crocker* and *James L. High,* for defendant.
*John Woodbridge* and *S. C. Eastman,* for intervening petitioners.

BLODGETT, J. This is an application for the appointment of a receiver to take possession of, vote upon, and sell 16 shares of the capital stock of the Blanke & Bros. Candy Company, a corporation formed and existing under the laws of the state of Missouri, and doing business in the city of St. Louis. The allegations of the bill material to the question now before the court are that one F. W. Blanke, now deceased, who was a resident of the city of Chicago during his life-time, was the owner of said 16 shares of stock; that he died testate in this city on the 3d of April, 1888, and by his will devised the said stock to the complainant, Wanneker, and the defendant, Hitchcock, as trustees, to be sold by them, and the proceeds held for the use of his wife and children, with the direction that the said stock be sold to the testator's nephew, Henry W. Blanke, in case his bid should be equal to the highest bid of any stockholder of the corporation, and exceed the highest bid of any other person. The complainant and the said Hitchcock were, by the terms of the will, appointed executors, but on probating the will in the probate court of Cook county that court refused to appoint the complainant one of the executors, on the ground that he was not a resident of the state of Illinois, and the defendant, Hitchcock, was appointed sole executor upon his individual bond. The bill further charges that Hitchcock, as executor, has taken possession of the stock, and now holds the same; that the stock is worth, including the dividend declared on the 1st day of March last, the sum of $55,000; that Hitchcock refused to allow the complainant to participate in the management of the affairs of the said estate, or in any management of the stock, although it was specifically devised to the complainant and Hitchcock as co-trustees; and that Hitch-

cock has given only his individual bond as executoi; and that he is not financially responsible for the proceeds of the stock if they come into his hands; that the annual meeting of the company is soon to be held, and that by reason of the disagreements and dissensions between the complainant and defendant as to the said stock a vote cannot be cast so as to secure proper management of the affairs of the corporation; that Hitchcock has proceeded to sell the stock, and obtained a bid from one Samuel Powell of $54,000 for the stock, and threatens to turn over the certificate to him as said purchaser; that the bid is not for the value of the stock. The bill prays for a receiver to be appointed to take possession of the stock, and to vote upon it at the coming annual meeting, and to sell the same under the direction of this court after due construction of the will. There is also a prayer for an injunction restraining Hitchcock from selling to Powell, and Powell from purchasing, but this motion is not pressed at present. It appears from the answer and the affidavits that Hitchcock applied to the probate court for leave to sell the stock under section 90 of the administrator's act of the state of Illinois, on the ground that by reason of dissensions among the directors and managers of the company there is danger that the value of the stock may be depreciated, and that upon this petition the court ordered the executor Hitchcock to sell the stock; that he solicited bids, and that Powell bid $54,000, which was the highest bid made for the stock; that Hitchcock has reported the bid to the probate court, and asked for a confirmation of the same, and that the stock be turned over to him, but it does not appear that the sale has been confirmed.

Section 90, c. 3, Rev. St. Ill., in regard to the administration of estates, seems to me to clothe the probate court with some discretion as to the sale of personal property when necessary for the preservation of the estate. At all events, there can be no doubt but that that court has acted upon this petition, and ordered the stock to be sold. While the will devised the stock in question to the complainant and Hitchcock as trustees, it seems to me that this trust must remain in abeyance until the administration of the estate is closed, and it is determined that the stock is not required for the payment of debts, and during this time the probate court may direct a sale of the personal property upon proper case made, even although such personal property may be a specific bequest; that is while the personal property is under control of the probate court, that court may, upon being satisfied that the interests of the estate demand it, direct the sale. The manifest purpose of the testator in this will was that this stock should be sold, and sold at once, for the purpose of converting it into money, that might be invested or otherwise secured for the benefit of the testator's wife and children. It makes no difference, so far as the estate is concerned, it seems to me, whether the sale is made by the sole acting executor or by the two trustees acting together; the main point being to make sure that it bring its full value,— and the probate court of Cook county is equally capable with this court of determining that question of fact. If the sale is made the proceeds will be turned over to the trustees under the will in due course of ad-

ministration, and not until then. They will remain in the hands of the probate court until the estate is closed, if the sale is made; and at the close of administrative proceedings the probate court will undoubtedly direct the money to be turned over to the trustees in accordance with the provisions of the will.

I do not see how the fact that there are differences of opinion or judgment between the complainant and the defendant, Hitchcock, as to the proper policy to be pursued by this company, and the proper persons to be voted for as directors of the company at the coming annual meeting, makes a case for the appointment of a receiver. This testator appointed two trustees, and I do not think it makes a case for the interposition of the court that the two trustees cannot agree as to any matter of judgment or discretion with which they are clothed. There might be, perhaps, a case made where the imperative necessity for the votes being cast for this stock at this coming annual meeting would so impress itself upon the court that the court, in the exercise of its discretion, might appoint a third person to exercise the power with which the trustees are clothed. I do not say but that under certain circumstances such a power might not be exercised. I simply say that no case is made here by this bill which justifies the court in interposing its power and taking this stock away from the person or persons authorized to vote on it.

Then, too, this further consideration impressed itself upon my mind: that, while the executor is in possession of this stock and under the control of the probate court for the administration of the estate he is *pro hac vice* the only representative of the stock, and as such it would seem to me that the corporation at its annual meeting would recognize the acting executor, no matter by what court appointed, as the representative of the stock at that meeting. From the showing now made by this bill I am strongly inclined to the conclusion that the probate court acted wisely in directing a sale of this stock at the present time by the executor. As the bill shows, there are two administrations now going on upon this estate,—one in St. Louis, taken out by the present complainant as one of the executors appointed under the will; the other, the domiciliary administration, taken out by the defendant, Hitchcock, in Cook county, which was the home of the testator. Then, the present complainant has commenced suit in one of the courts of St. Louis county for the purpose of enjoining any transfer of this stock; and H. W. Blanke, the nephew, who is recognized under the will as having some prior right to purchase, or preferential right to purchase, at the highest amount bid, has also commenced a suit in the superior court of Cook county, and obtained an injunction against the acting executor here, upon the ground that he, H. W. Blanke, has an interest in this stock by virtue of some contract which he alleges was made between himself and the testator for the sale of the stock before the testator's death. The interposition of this court, therefore, would complicate what is already sufficiently complicated, it seems to me, in this estate, to an unnecessary and unwarranted extent; and, inasmuch as the granting of injunction and the appointment of receivers is largely a matter of judicial discretion, I do not

think that it would be to the advantage of this estate that another tribunal still should appoint a receiver, or do any act that would add to the complications in which the estate is already involved.

The complaint in the bill that the purchase by Powell is at an inadequate price, seems to me to be hardly supported. The statement made is that the executor solicited bids from all the stockholders of the company, who are the preferred purchasers, if they will give as much as others, and also solicited bids from outsiders, and that Powell's bid was the highest bid made, and that is within $1,000 of the amount set forth in the bill itself to be the value of the stock, including the dividend which has been declared. There is only $1,000 of difference, and it seems to me that is hardly an amount to quarrel about; and, even if that were so, the parties have their remedy in the county court. I do not understand that the probate judge of Cook county has confirmed that sale to Powell. It has been reported to him, and his confirmation asked. If any other person shall think that it is worth more than Powell bid, and should come in and bid a larger amount, I have no doubt that the probate judge, in the exercise of that wise and sound discretion characteristic of him, will consider the bid; in other words, that he will not let Powell purchase at that price if he can find any one else who is willing to pay more. If the proceeds of this stock at its full value come into the control of the probate court, that court, I doubt not, will require the acting executor to give an ample bond to secure its safety. I will add that it seems to me there is an ample remedy given by the statutes of Illinois for any errors that may be committed by the probate court by an appeal from its orders or judgments. The motion for the appointment of a receiver is overruled.